UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22101-CIV-HOEVELER

ANGELINA URREA, as personal representative
of the Estate of GREGORIO MANRIQUEZ,

    Plaintiff,

v.

MIAMI-DADE COUNTY, a political subdivision
of the State of Florida, SERGEANT CHRISTIAN
SMITH, individually, and CHIEF OF POLICE
ROBERT PARKER, in his capacity as Director of
the Miami-Dade County Police Department,

    Defendants.

_____/

## ORDER GRANTING, IN PART, MOTIONS TO DISMISS

THIS CAUSE comes before the Court on the motions to dismiss filed by Defendants. Plaintiff responded in opposition to the motions, and Defendants replied.

Plaintiff's claims

At this stage of the proceedings, the Court accepts as true all allegations of fact in the Complaint, to the extent that they raise plausible claims for relief. According to the Complaint, Gregorio Manriquez, a 22 year old male, was attending a funeral ceremony on the morning of June 14, 2008. Defendant Sergeant Smith, who was not in uniform, was at the ceremony with another officer (also not in uniform) employed by the County; the officers were in an unmarked vehicle.

Approximately 15-20 persons were present at the ceremony and, at the time the casket was to be lowered into a grave, Manriquez walked to his car and retrieved a firearm and proceeded to fire twice directly into the air "to honor his fallen friend and give the deceased a salute, similar to the custom of a seven (7) gun salute at a military funeral." Complaint, ¶ 13. The gun was registered with the State of Florida and a permit to carry the gun as a concealed weapon had been applied for, but not yet granted, at the time. (The permit was granted after this date.)

Defendant Smith and the other officer then exited their vehicle and approached Manriquez with their guns aimed at Manriquez, ordering him to drop his gun. After Manriquez dropped his gun to the ground and while he was "standing still with his arms relaxed by his side" Defendant Smith fired three times in rapid order. Id. at ¶17. Manriquez fell to the ground and died; Defendant Smith walked to the body and placed his foot on Manriquez's face, and ordered the other mourners to stay away from the scene.

Plaintiff, the personal representative of Manriquez's estate, has brought eight Counts, alleging violations of 42 U.S.C. § 1983 against Defendant County and Defendant Parker (Count I) and against Defendant Smith (Count II); wrongful death pursuant to Fla. Stat. § 768.16, as to Defendant County and Defendant Parker (Count III) and against Defendant Smith (Count IV); battery as to Defendant County (Count V) and Defendant Smith (Count VI); and assault as to Defendant County (Count VII) and Defendant Smith (Count VIII).

### Defendant County's arguments

The County seeks dismissal of all Counts brought against it, i.e., Counts I, III, V, and VII. Defendant argues that Count I must be dismissed for failure to identify an official policy adopted by a final policymaker of the County. Defendant also argues that there is no liability as to the County for a failure to train a specific officer, e.g., Sergeant Smith, as there is no *respondeat superior* liability under Section 1983. In response, Plaintiff asserts that she has sufficiently alleged that the Defendant's failure to train officers to respond to the public when the officers are not wearing a uniform or other identification constituted a policy of the County. Id. at ¶¶ 24-26. She also argues that she specifically identified the County as having caused the deprivation of Manriquez's constitutional rights. Id. at ¶¶ 24, 27. Finally, Plaintiff argues that her claim is based on more than an employer-employee relationship and instead alleges policies of the County that caused the violation. Clearly, to prevail in this matter Plaintiff must establish that 1) Manriquez's constitutional rights were violated, 2) that the County had a custom or policy that constituted deliberate indifference to that constitutional right, and 3) that the policy or custom caused the violation. If Plaintiff does not identify a specific policy adopted by the County, and instead relies on the theory that an unofficial policy or custom caused the violation, Plaintiff must demonstrate that the "custom" is so settled and permanent as to have the force of law. See, e.g., McDowell v. Brown, 392 F. 3d 1283, 1289-90 (11th Cir. 2004).

As the Court finds that Plaintiff's allegations are insufficient to establish

3

that a policy was adopted by a final policymaker, or that the custom was so widespread as to have the force of law, the Court GRANTS the County's Motion to Dismiss as to Count I, without prejudice to refile. Plaintiff shall have the opportunity to file an amended complaint with sufficient allegations.

As to Count III, the Court finds that Plaintiff has sufficiently alleged a cause of action for wrongful death under Florida law against the County, as Plaintiff has asserted that the County is vicariously liable for the tortious acts of Defendant Smith.[1] The Court rejects Defendant's argument that the County is entitled to dismissal of this claim at this stage based on sovereign immunity.

Municipalities are generally immune from tort liability, pursuant to the Florida Constitution, Art. X, § 13, but this immunity has been waived "under circumstances in which [the municipality], if a private person, would be liable to the claimant.... [However], even if the claim contain[s] sufficient allegations of tort liability under which a private person would be liable, the waiver of sovereign immunity would still not apply if the challenged acts of the [municipal agent] were 'discretionary' governmental acts rather than merely 'operational' ones.... [E]ven if a plaintiff has adequately alleged all of the elements of a negligence claim, including the breach of a common law duty, immunity would still bar the claim if the

---

[1] Plaintiff will, of course, be required to establish a causal connection between any alleged lack of training or supervision by the County and the actions taken by Smith in order to succeed on this claim.

4

challenged act were deemed to be governmentally 'discretionary' in nature, and not merely 'operational.'" Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001). As the Court of Appeals for the Eleventh Circuit has noted, Florida law does not consider an officer to be exercising a discretionary function after the officer has already decided to detain an individual, and is then implementing that decision. Id. at 1265. Here, Plaintiff pleads a claim based on the tortious use of a firearm by a specific officer (and vicarious liability therefor) after that officer made a decision to approach or pursue Manriquez; as such, the Court does not find dismissal required based on Defendant's sovereign immunity.

The County also argues that dismissal of Counts V and VII is required pursuant to Fla. Stat. § 768.28(9)(a), as the alleged facts of this case do not meet the specific provisions of Florida's limited statutory waiver of liability.

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). Defendant argues that Plaintiff is complaining about conduct by Defendant Smith that - regardless of Plaintiff's failure to use the terms "wanton and willful disregard of human rights, safety, or property" - would constitute such extreme conduct that the County could not be held liable, pursuant to Fla. Stat. § 768.28(9)(a). In other words, that the conduct was committed in bad faith or with malicious purpose, etc. The Court disagrees, and finds that Plaintiff has sufficiently alleged a cause of action for the County's liability for the actions of

5

Defendant Smith which were alleged to be within the course and scope of his duties. Thus, the County's motion to dismiss Counts III, V, and VII is DENIED.

### Arguments by Defendant Parker

Plaintiff is proceeding against Defendant Parker "in his capacity as Director of the Miami-Dade County Police Department." Complaint, ¶ 1. Claims against the Defendant in his "official capacity" are equivalent to claims against Miami-Dade County. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In light of Plaintiff's inclusion of the County as a Defendant in Counts I (as presently stated, subject to amendment) and III, the Court finds that dismissal of these Counts as to Defendant Parker is proper.[2]

### Arguments by Defendant Smith

Plaintiff seeks to hold Defendant Smith personally liable for the torts of wrongful death, battery, and assault in Counts IV, VI, and VIII, respectively.[3] According to Defendant, the actions ascribed to him were within the scope of his employment and, therefore, he is immune from personal liability pursuant to Fla. Stat. § 768.28(9)(a).

---

[2]Plaintiff has not alleged that Defendant Parker was present at the time of the shooting, nor that he had any direct role in Defendant Smith's training or immediate supervision.

[3]Defendant Smith has not sought dismissal of the Section 1983 claim brought against him (Count II); he only seeks dismissal as to the state law claims.

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.... The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

In these Counts brought solely against Defendant Smith, Plaintiff specifically alleged that liability against Defendant was based on Defendant's actions outside the scope of his duties or that he acted with malice or bad faith. Complaint, ¶ 43.[4] Thus, the Court finds that Plaintiff has sufficiently alleged a basis for liability that does not trigger the immunity provisions of Fla. Stat. § 768.28(9).

Based on the above, it is hereby

ORDERED AND ADJUDGED that Defendant Miami-Dade County's Motion to Dismiss is GRANTED, in part, and DENIED, in part. Count I of the Complaint is dismissed, without prejudice to refile. Plaintiff shall have the opportunity to file an amended complaint, and must do so within twenty (20) days of this Order. The

---

[4]As discussed, above, in Plaintiff's state law claims against the County (Counts V and VII), Plaintiff did not allege that Defendant Smith acted outside the scope of his duties, or that he acted with maliciousness. Such alternative theories of liability are permissible at this stage of the proceedings. Fed. R. Civ. P. 8(d)(2).

County's Motion to Dismiss is DENIED as to Counts III, V, and VII - although Plaintiff may elect to restate these Counts in the Amended Complaint, if she chooses to file such pleading. Further, it is

ORDERED AND ADJUDGED that Defendant Parker's request for dismissal is GRANTED as to Counts I and III, and he is therefore dismissed from this case. (In the event that Plaintiff elects to file an Amended Complaint, Plaintiff may pursue either Defendant Parker in his official capacity, or the County, but not both.) Finally, it is

ORDERED AND ADJUDGED that Defendant Smith's request for dismissal is DENIED.

Defendants shall respond to the Complaint no later than twenty (20) days from the date of this Order, or twenty (20) days from the date of any amended pleading filed by Plaintiff.

DONE AND ORDERED IN Chambers in Miami this 19 day of July, 2013.

*[signature]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies to: counsel of record